# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-60693-BLOOM/Valle

NICHOLAS A. ZIEGLER,

      Plaintiff,

v.

M/V INTERMISSION, a 1998 85.6' Burger
built aluminum hulled motor yacht,
U.S. Coast Guard Documented, Official Number
1066533, her engines, tackle, apparel, appurtenances,
personal watercraft and tender, *in rem*, *et. al*.

      Defendants.

_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Defendant/Cross-Defendant Beers Group., Inc.'s ("Beers Group") Motion to Strike Cross-Claim of Defendants/Cross-Plaintiffs LAH Yachts, LLC ("LAH Yachts") and Hamid Hashemi ("Hashemi") (collectively "Cross-Plaintiffs"), ECF No. [28], (the "Motion"). The Court has carefully reviewed the Motion, the applicable law, the parties' briefs, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I. BACKGROUND

Plaintiff, Nicholas Ziegler ("Plaintiff"), commenced this action by filing claims against LAH Yachts and Hashemi for unseaworthiness, negligence under the Jones Act for failure to provide a reasonably safe place to work and failure to provide prompt, proper, and adequate medical care. *See* ECF No. [1]. In addition, Plaintiff alleged claims for maintenance and cure against LAH Yachts, Hashemi and the M/Y Intermission and a state law negligence claim against Beers Group. *Id.* These claims arise from two incidents that occurred while Plaintiff was

a First Mate on board the M/Y Intermission, resulting in personal injuries to him. *Id.* Both the Cross-claim and the Motion deal only with the second incident; therefore, the Court limits its discussion and analysis to that incident.

According to the Complaint, on September 8, 2016, the Captain of the M/Y Intermission hired Beers Group to repair the vessel's air conditioning system. *Id.* Beers Group sent two of its technicians to remove the necessary equipment for repairs and the Captain ordered Plaintiff, as the First Mate, to assist them. *Id.* While removing the air chiller from the vessel's engine room to a hand truck on the adjacent dock, one of the technicians let go of the chiller, causing it to slip out of Plaintiff's grasp and injuring his right hand and middle finger. *Id.* Plaintiff alleges his medical bills remain unpaid and that he was discharged from his employment on the vessel prior to recovering for the second injury. *Id.*

Following the filing of the Complaint, on May 8, 2017, LAH Yachts and Hashemi filed their respective Answers and Affirmative Defenses. *See* ECF Nos. [10] and [11]. Two months later, on July 21, 2017, they jointly filed a Cross-Claim against Beers Group *without leave of Court* in which they asserted claims for common-law indemnity (Count I) and contribution (Count II). Beers Group thereafter moved to strike the Cross-Claim on procedural and substantive grounds. *See* ECF No. [28]. Cross-Plaintiffs' Response and Beers Group's Reply timely followed. *See* ECF Nos. [30] and [31]. The Motion is now ripe for review.

## II.   LEGAL STANDARD

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *see also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family*

*Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *see also BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (same); *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same).

Courts have broad discretion in considering a motion to strike under Rule 12(f). *See, e.g., Sakolsky v. Rubin Memorial Chapel, LLC*, No. 07-80354-CIV, 2007 WL 3197530, at *2 (S.D. Fla. Oct. 26, 2007). However, Rule 12(f) motions to strike are considered drastic, granted sparingly and often disfavored. *See Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). Through this lens, the Court considers Beers Group's Motion.

## III.    DISCUSSION

In the Motion, Beers Group initially sought to strike the Cross-Claim for both procedural and substantive reasons. From a procedural standpoint, Beers Group argues the Cross-Claim should be stricken because it was filed without leave of Court. ECF No. [28] at 2. Throughout the course of the parties' briefs, however, their focus shifted from whether the Cross-Claim should be stricken for a procedural deficiency to whether leave to amend to correct such a deficiency should be granted. As a result, Beers Group's position evolved from arguing that Cross-Plaintiffs could, under no circumstances, state a claim for indemnity and contribution in

this "otherwise [] straightforward personal injury case" to arguing it would be futile to allow an amendment for indemnity and contribution as to certain claims.

Turning to the procedural question of whether the Cross-Claim should be stricken for failure to seek leave of Court, both parties agree that Cross-Plaintiffs failed to follow the procedure for amending pleadings. Federal Rule of Civil Procedure 15 permits an amendment to a pleading "once as a matter of course within 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Because they filed their Answer on May 8, 2017, Cross-Plaintiffs could have filed an amended pleading containing a cross-claim without leave of Court prior to May 29, 2017. However, they did not file their Cross-Claim within this timeframe. Instead, they waited until the last day to amend the pleadings under the Court's Scheduling Order, July 21, 2017, and then filed their Cross-Claim without obtaining leave of Court. *See* ECF No. [27]. Thus, Beers Groups is correct in stating that the Cross-Claim was improperly filed pursuant to Rule 15(a)(1)(A).

However, in their Response to the Motion, Cross-Plaintiffs concede the error and belatedly seek leave of Court to retroactively cure this procedural deficiency. *See* ECF No. [30] at 3-5. "The grant or the denial of an opportunity to amend is within the discretion of the district court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be given freely "in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Cadence Bank, N.A. v. 6503 U.S. Highway 301*, LLC, No. 8:13-cv-840-T-33TGW, 2013 WL 12157897 (M.D. Fla. Oct. 7, 2013) (quoting *Foman*, 371 U.S. at 182). In its

Reply, Beers Group does not argue the existence of undue delay, bad faith, dilatory motive or repeated failure to cure prior deficiencies. Instead, Beers Group argues futility of amendment.

However, before the Court may reach the issue of futility and whether leave to amend should be granted, it must first determine whether good cause exists to consider the belated request pursuant to Federal Rule of Civil Procedure 16(b)(4). The Rule provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This Court has the inherent authority to control and manage its own docket to allow the expeditious disposition of cases. *Cadence Bank*, 2013 WL 12157897 at *3 (quoting *Voter Verified, Inc. v. Premier Elec. Sols., Inc.*, No. 6:09-cv-1968-ORL19-KRS, 2010 WL 1049793, at *2 (M.D. Fla. Mar. 22, 2010)). Here, the allowance of the Cross-Claim will promote judicial efficiency by having matters of indemnity and contribution decided in the main action. Given that Beers Group was on notice of the Cross-Claim prior to the deadline to amend the pleadings, there is little to no prejudice by the belated amendment. Moreover, Beers Group does not raise prejudice as a concern. As such, the Court finds that good cause exists to modify the Scheduling Order and allow an amendment of the pleadings. *Id.* (finding good cause existed to allow amendment of the pleadings to raise cross-claims, counterclaims and third-party claims even though the request was made shortly after the deadline to amend the pleadings).

Having found that good cause exists, the Court may now consider whether leave to amend should be granted or whether the pleading should be stricken. *Id.*; *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309-10 (M.D. Fla. 2000). Rule 15 provides that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). When making this decision, the Court may only deny leave to amend when one of the factors enumerated above is present. Beers Group's only argument in its Reply against allowing the

amendment is futility. *See* ECF No. [31]. For that reason, the Court limits its analysis to determine whether it would be futile to allow the amendment.

In its Reply, Beers Group appears to abandon its initial argument that Cross-Plaintiffs cannot assert any claims whatsoever for indemnity and contribution as its Reply "takes no issue with LAH and Hashemi's right to seek contribution and indemnity but only for maintenance and cure paid to Plaintiff." *Id.* In fact, Beers Group concedes that Cross-Plaintiffs may properly seek indemnity and contribution for the "ordinary costs associated with furnishing the plaintiff with maintenance and cure benefits from the date of incident through the day plaintiff attained maximum medical improvement." *Id.* at 6-7. Instead, Beers Group argues that the "fundamental 'issue'" is whether the Cross-Claim improperly "seeks common-law indemnity and contribution for all liabilities which arise out of the 'second incident' alleged by the Plaintiff to have occurred on September 8, 2016." *Id.* at 2-3. Beers Group argues that allowing Cross-Plaintiffs leave to amend to assert such claims would be futile in that maritime law does not allow such claims.

Upon review of the proposed Cross-Claim, the Court does not agree that the amendment would be futile. Starting with the indemnity claim, Cross-Plaintiffs seek to hold Beers Group liable under maritime law for a violation of the implied warranty of workmanlike performance, which was created by the oral contract between Cross-Plaintiffs and Beers Group to repair the vessel's air conditioning system.[1] *See* ECF No. [30] at 6-7. "As a general rule, there is implied in every maritime contract for work or services a duty to perform with reasonable care, skill and diligence, and in a workmanlike manner" known as "the implied warranty of workmanlike performance." *F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342, 1366 (S.D. Fla. June 25, 2007). A vessel owner may pursue a claim for indemnity for a stevedore's or contractor's

---

[1] *See Sanchez v. Yacht Path Int'l, Inc.*, No. 12-cv-61277-DIMITROLEAS/SNOW, 2012 WL 12915423, *1 (S.D. Fla. Oct. 31, 2012) ("Maritime jurisdiction exists even if the contract is oral").

breach of the implied warranty of workmanlike service or performance. *See Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309, 1315-16 (11th Cir. 2003) ("The failure [of a stevedore or contractor to perform services with a reasonable level of safety and competency] constitutes a breach of contract and provides shipowners with a right to indemnification for foreseeable loss resulting therefrom"); *see also Whisenant v. Brewster-Bartle Offshore, Co.*, 446 F.2d 394, 401 (5th Cir. 1971).[2] This claim does not sound in tort, but instead sounds in contract. *See Vierling*, 339 F.3d at 1317. The negligence or non-negligence of the shipowner "has no bearing on its right to indemnification" based on a contractual agreement, making tort principles inapplicable. *Id.* In fact, even if a vessel owner were found to be negligent, such a finding does not necessarily preclude recovery for indemnity against the contractor. *Id.* "A determination of whether a shipowner is entitled to indemnification should turn on whether its liability was foreseeable when the contractor performed in less than a workmanlike manner." *Id.* at 1319. As long as the contractor provided a "substandard performance which led to foreseeable liability of [the shipowner], the latter [i]s entitled to indemnity. . ." *Id.* (quoting *Weyerhauser S.S. Co. v. Nacirema Operating Co.*, 355 U.S. 563, 567 (1958)). These principles hold true regardless of whether the shipowner is sued under a theory of negligence or absolute liability, such as seaworthiness of the vessel. *Id.* at 1318.

In the Reply, Beers Group merges the principles of common-law indemnity and contribution when discussing the viability of such claims within the area of maritime law. In doing so, Beers Group focuses on each of the underlying counts within Plaintiff's Complaint and argues that the concepts of common-law indemnity and contribution cannot apply to claims involving Cross-Plaintiffs' alleged negligence. *See* ECF No. [31]. By seeking to use a *pro rata*

---

[2] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions rendered by the United States Court of Appeals for the Fifth Circuit on or before September 30, 1981 will be binding precedent within the Eleventh Circuit).

share approach for apportionment of fault, Beers Group fails to recognize Cross-Plaintiffs' concession that its indemnity claim is limited to a breach of the warranty of workmanlike performance – a claim that does *not* apply tort principles. Significantly, Beers Group does not distinguish the Eleventh Circuit's decision in *Vierling*, which allowed a shipowner to assert an indemnity claim against a contractor for a breach of the warranty of workmanlike performance regardless of whether the shipowner was sued for negligence or seaworthiness. *Vierling*, 339 F.3d at 1317-19.

A review of the Cross-Claim reveals that Cross-Plaintiffs state a claim for indemnity under this theory of maritime law. It alleges (1) that LAH Yachts retained Beers Group to repair the vessel's air conditioning system, (2) that employees of Beers Group arrived on the vessel to repair the air conditioning system on September 8, 2016, (3) that Plaintiff allegedly sustained a personal injury while assisting Beers Group's employees with moving the chiller, (4) that Beers Group and its employees "owed a duty to perform its repair work in a reasonably safe manner," (5) that Plaintiff was injured "[a]s a direct result of Beers [Group's] breach of duty," and (6) "[b]y reason of the foregoing, [Cross-Plaintiffs] are entitled to indemnification by Beers [Group] in the event they are found liable." ECF No. [27]. Although the Court recognizes that the Cross-Claim is far from a model of clarity in that Count I is entitled "Common Law Indemnity," Cross-Plaintiffs readily concede in their Response that their indemnity claim is limited to breach of the warranty of workmanlike performance and the Court will hold them to this characterization throughout these proceedings. Thus, Cross-Plaintiffs' indemnity claim against Beers Group is limited to the alleged breach of warranty of workmanlike service arising from the oral contract to perform air conditioning repairs on board the vessel. As such, there is no futility in permitting Cross-Plaintiffs to assert this indemnity claim against Beers Group. *See Cadence Bank*, 2013

WL 12157897 at *3 (citing *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)) ("Denial of leave to amend is justified on grounds of futility when the pleading, as amended, is subject to dismissal.").

As to Cross-Plaintiffs' contribution claim, both parties agree that maritime law only allows contribution for maintenance and cure claims. *See* ECF No. [30] at 8; ECF No. [31] at 6-7. "The shipowner's obligation to pay maintenance and cure . . . is not based on fault but results from the relationship of ship and seaman." *Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller*, 92 F.3d 1102, 1107 (11th Cir. 1996). The shipowner is liable to provide food, medical care and lodging to a sick or injured seaman within the ship's employ. *Id.* Unlike a non-settling joint tortfeasor, a shipowner does not receive the benefit of a proportionate credit. *Id.* As a result, "the *only* way to apportion the cost of maintenance and cure among all tortfeasors responsible for the harm to seamen is to allow claims for contribution." *Id.* (emphasis in original). To hold otherwise would require that a shipowner always be liable for its maintenance and cure expenses even if there is some fault on the part of other joint tortfeasors. *Id.* In this case, the Court recognizes that the scope of the contribution claim was unartfully drafted to be over-inclusive. However, Cross-Plaintiffs, through their reliance upon *Great Lakes*, recognize that contribution claims in maritime law are allowed *only* for maintenance and cure claims and that contribution is not generally available for *all* claims. Given both parties' agreement that contribution is allowed for a seaman's claim for maintenance and cure, the Court finds no futility in allowing the Cross-Claim for contribution limited to maintenance and cure.

Going to the heart of Beers Group's request to strike the pleading, the Court is cognizant that Motions to Strike are considered drastic, are granted sparingly, are often disfavored, and that Rule 12(f) only permits a court to "strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." For the reasons explained above, the request to strike the Cross-Claim is denied and the Cross-Claim is deemed filed. With that said, Cross-Plaintiffs' failure to properly seek leave of Court unnecessarily complicated the posture of the case and the briefing on Beers Group's Motion. The parties are, therefore, reminded that they *must* follow the Federal Rules of Civil Procedure as well as all deadlines within the Court's Scheduling Order, ECF No. [16], throughout these proceedings.

## IV.    CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Beers Group's Motion to Strike Cross-Claim, **ECF No. [28]**, is **DENIED**. The Defendants' Cross-Claim, ECF No. [27], is deemed filed with leave of Court. Beers Group shall file its Answer to the Cross-Claim no later than **September 29, 2017**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of September, 2017.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record